UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel A. Dufresne, II,

    Plaintiff,

v.

DJO, LLC; DJO, Incorporated;
I-Flow Corporation; McKinley Medical, LLC;
Moog, Inc.; Curlin Medical, Inc.;
The Broe Companies, Inc.; Pat Broe;

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-816 ADM/JJK

---

Heather A. Brann, Esq., Leslie W. O'Leary, Esq., Michael L. Williams, Esq., and Thomas B. Powers, Esq., Williams Love O'Leary and Powers, P.C., Portland, OR; Laura B. Kalur, Esq., Kalur Law Office, Portland, OR; Ted Meadows, Esq., E. Frank Woodson, Esq., and Matthew E. Munson, Esq., Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL; and Yvonne M. Flaherty, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, on behalf of Plaintiff.

Bradley J. Lindeman, Esq., Elizabeth Snyder Poeschl, Esq., and Jon R. Russell, Esq., Meagher & Geer, PLLP, Minneapolis, MN, on behalf of Defendants DJO, LLC and DJO, Incorporated.

Michael C. Lindberg, Esq., Johnson & Lindberg, P.A., Minneapolis, MN, on behalf of Defendant I-Flow Corporation.

Michael R. Moline, Esq., Jerry W. Blackwell, Esq., and Karen M. Bohaty, Esq., Blackwell Burke PA, Minneapolis, MN; and Frederick H. Fern, Esq., Harris Beach, PLLC, New York, NY, on behalf of Defendants McKinley Medical, LLC, Moog, Inc., and Curlin Medical, Inc.

Jonathan P. Norrie, Esq., and Stephen O. Plunkett, Esq., Bassford Remele, PA, Minneapolis, MN; and Thomas Quinn, Esq., and Heidi A. Chesley, Esq., Gordon & Rees, LLP, Denver, CO, on behalf of Defendants The Broe Companies, Inc. and Pat Broe.

---

**I. INTRODUCTION**

This matter is before the undersigned United States District Court Judge for consideration of change of venue pursuant to 28 U.S.C. § 1404(a). By Order [Docket No. 52] dated August 27,

2010, the Court directed the parties to file briefs addressing (1) whether this action should be transferred to another district pursuant to § 1404(a), and (2) to which district this action should be transferred assuming that transfer is appropriate. All parties have now responded. For the reasons set forth below, the case will be transferred to the United States District Court for the District of Massachusetts.

## II. BACKGROUND

On December 6, 2004, Plaintiff Daniel A. Dufresne II ("Dufresne"), underwent shoulder surgery in Worcester, Masssachusetts. Compl. [Docket No. 1] ¶ 5. During the surgery, doctors implanted a "pain pump" into his shoulder. Compl. ¶ 5. Pain pumps are used to manage post-operative pain and inject medication directly into a patient's shoulder joint. Compl. ¶ 16. Pain pumps typically remain implanted for up to forty-eight hours following surgery. See Compl. ¶ 5.

Pain pumps have been linked to chondrolysis, a condition occurring when the cartilage in a joint is lost. See Compl. ¶ 17. Dufresne alleges that the anesthetic medication released by his pain pump destroyed the cartilage in his shoulder, causing chondrolysis. Compl. ¶ 17.

Dufresne is currently a resident of New Hampshire, but at all times relevant to this action was a resident of Massachusetts. Compl. ¶ 4. Dufresne brought suit in the United States District Court for the District of Minnesota (the "District of Minnesota") against eight entities (the "Defendants") involved in the manufacture, sale, and distribution of pain pumps. The Defendants are DJO, LLC and DJO, Incorporated (collectively "DJO"), I-FLow Corporation ("I-Flow"), McKinley Medical, L.L.C. ("McKinley"), Moog, Inc. ("Moog"), Curlin Medical,

Inc. ("Curlin"), The Broe Companies, Inc. ("Broe Inc."), and Pat Broe ("Broe").

The instant case is one of thousands of products liability lawsuits, many involving pain pumps, brought in this District, presumably to take advantage of Minnesota's liberal six-year statute of limitations period. See, e.g., Evans v. Breg, Inc., Civ. No. 10-175, 2010 WL 2985691, *1 (D. Minn. July 26, 2010) (noting existence of thousands of product-liability actions in District of Minnesota and noting that vast majority were filed to take advantage of statute of limitations).

After reviewing the Complaint, the Court noted this case's lack of connection to Minnesota and directed the parties to prepare briefs addressing transfer. Defendants advocate for transfer to the United States District Court for the District of Massachusetts (the "District of Massachusetts"). Dufresne argues that transfer is inappropriate, but if transfer is ordered it should be to the United States District Court for the District of New Hampshire (the "District of New Hampshire").

### III. DISCUSSION

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to transfer requires consideration of three factors: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Transfer should be determined after a case-by-case evaluation of the particular circumstances and consideration of all relevant factors. Id.

As a threshold matter, complete diversity between Defendants and Dufrense exists and Defendants do business throughout the entire United States; therefore, both the District of Massachusetts and the District of New Hampshire would have personal jurisdiction over the parties and subject matter jurisdiction over this case. Therefore, this action could have been brought in either forum, and the Court will focus its attention on the <u>Terra</u> factors.

**A. Convenience of the Parties**

In considering the convenience of the parties, courts generally afford deference to a plaintiff's choice of forum. <u>Graff v. Qwest Commc'ns Corp.</u>, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Where, however, the plaintiff is not a resident of the forum and the underlying events did not occur in the forum, little or no deference should be afforded to the plaintiff's choice. <u>Burnett v. Wyeth Pharm., Inc.</u>, No. 06-4923, 2008 WL 732425, *1 (D. Minn. March 17, 2008).

Minnesota is an inconvenient forum for the parties. None of the parties are located in Minnesota. None of the relevant events or alleged injuries occurred in Minnesota. None of the evidence is located in Minnesota. Indeed, it appears the only connection Minnesota has to this litigation is the fact that Dufresne commenced his lawsuit here. Significant expenses will be expended if the parties are required to travel to Minnesota to litigate this case.

Between the District of Massachusetts and the District of New Hampshire, the convenience of the parties favors the District of Massachusetts. Certainly, it may be more difficult for Dufresne to travel to Massachusetts rather than staying within his new home state of New Hampshire. However, litigating in Massachusetts is more convenient for the Defendants because it will provide greater access to sources of evidence, as many of the events giving rise to

4

this action took place there. This factor favors transfer to the District of Massachusetts.

### B. Convenience of the Witnesses

In analyzing the convenience of the witnesses factor, relevant considerations are the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony. Terra, 119 F.3d at 688.

Minnesota is an inconvenient forum for the witnesses in this case. Most, if not all, of the anticipated non-party witnesses reside outside of Minnesota, and their willingness to travel cannot be presumed. Furthermore, most of the anticipated fact witnesses reside outside of Minnesota, and thus outside of the Court's subpoena power. As such, this factor weighs in favor of transfer to another district.

Between the District of Massachusetts and the District of New Hampshire, the convenience of the witnesses favors the District of Massachusetts. Dufresne's surgery and recovery took place in Massachusetts. As such, all treating physicians, who are likely non-party witnesses, reside there. Indeed, it appears no witness, other than Dufresne himself, resides in New Hampshire. Therefore, this factor favors transfer to the District of Massachusetts.

### C. Interests of Justice

Relevant considerations for weighing the interests of justice include judicial economy, plaintiff's choice of forum, comparative costs of litigating in each forum, ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and advantages of having a local court determine questions of local law. Terra, 199 F.3d at 696.

Dufresne argues that judicial economy favors remaining in Minnesota because another judge would have to familiarize herself with the facts of this case specifically and the

law of pain pump cases generally. Dufresne also adopts the arguments of the plaintiffs in Powell v. I-Flow, 711 F. Supp. 2d 1012 (D. Minn. 2010) (granting transfer), that (1) judicial economy favors remaining in Minnesota because of the number of pain pump cases here, (2) his choice of forum should be afforded *some* deference, (3) conflict of law issues are best decided by this Court due to the number of similar cases in this District, and (4) all other relevant factors are comparable between the District of Minnesota and any other district. Dufresne's arguments are not persuasive.

Judicial economy does *not* favor keeping this case before the Court. To the contrary, the Court has been inundated by pain pump and other products liability cases that have no significant connection to Minnesota. This flood of discretionary venue cases threatens to overwhelm this District, which currently has the third-highest weighted caseload in the country. Statistics Subcomm. of the Judicial Res. Comm. of the Judicial Conference of the United States. Multidistrict litigation ("MDL") is the proper procedure to enhance judicial economy by litigating similar cases in tandem. This case has not been approved for MDL treatment. See Evans, 2010 WL 2985691 at *3 (noting that pain pump cases were not afforded MDL treatment and forcing de facto MDL treatment by the Court does not serve interests of justice).

Further, conflict of law issues are not present, and either of the offered forums are equally adept at deciding any such issues that may arise. Finally, the deference afforded Dufresne's choice of forum does not outweigh all other considerations. As such, the interests of justice dictate that this case should be transferred to another forum.

For their part, Defendants argue that transfer is warranted, but that transfer should be to the District of Massachusetts. Between the District of Massachusetts and the District of

6

New Hampshire, the interests of justice favor the District of Massachusetts. Massachusetts has the greatest interest in the outcome of this case–the alleged torts occurred in that state. In fact, New Hampshire's interest in this litigation is only marginally greater than Minnesota's. New Hampshire's only discernible connection to this case is that Dufrense moved to that state after his injuries. Furthermore, to the extent that Massachusetts law may apply, it will be beneficial for the District of Massachusetts to interpret the law of that state. Finally, most non-party witnesses appear to reside in that state, and thus within the subpoena power of the District of Massachusetts. The interests of justice favor transfer to the District of Massachusetts.

In sum, as all three factors weigh in favor of transfer to the District of Massachusetts, this case will be transferred to that district.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 1404(a), the venue of this case shall be transferred to the United States District Court for the District of Massachusetts.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 30, 2010.